Mathews, J.
delivered the opinion of the court. This is a suit brought by the appellees (plaintiffs in the court below) to recover the amount of a note, given by the defendants to Frosina, a slave of the plaintiffs, by which they promised to pay to her four hundred dollars.
Payment is resisted on the ground of the promise having been made in error, and consequently having created no obligation, it being a contract without cause or consideration. The execution of the note raises a presumption of a just consideration, which must be defeated by proof to the contrary, on the part of the defendants. This they have attempted by the production of a testament made by one Durand, in *162 which he instituted Pedro, his bastard child by Frosina, the slave above mentioned, his heir, and appointed Fon, one of the appellants, his testamentary executor ; and by the introduction of testimonial proof, shewing that the child died in 1812, &c.
East’n District.
May, 1820.
Admitting that all this evidence was properly received, in the present suit against Fon and another person, on their joint note, which is by no means clear ; we are of opinion that it is not sufficient to support the defendants’ objections to payment. For any thing, which appears to the contrary, the boy Pedro, the instituted heir of Durand, was the slave of the plaintiffs or their ancestor, and took the instrument under the will for their benefit, in conformity with the laws then in force. The right to the succession, being thus vested in them, they might have instituted an action for its recovery against the executor. This they have not done, but now sue upon a note given by him and another to their slave Frosina ; being, as the appellants insist, a liquidation of Pedro’s succession, to his mother, which she could not take in consequence of her state of slavery.
The former having died since the promulgation of the Civil Code, that statute, 40, art. 17, & 158, art. 64, is relied on to establish the error, and *163 consequent nullity of the defendants’ promise to pay the sum to Frosina, as stipulated in their note. According to the first of those provisions, being a slave, she was incapable to contract any kind of engagement. It is true, that she could not bind herself in any respect, because she was without will; nor could she have entered into any contract, which would be binding on her owner, unless under special authorisation by him. But it does not appear to us, to follow, as a necessary consequence, that the master cannot claim the benefit of a lawful and voluntary engagement made in favour of his slave, on an equitable consideration, by a person capable of contracting.
By the last article cited, slaves are declared to be incapable of transmitting their estates, as intestate, or of inheriting from others. They certainly can transmit nothing, for they do not possess any thing in their own right ; neither can they inherit, clearly not for themselves ; and perhaps not for the benefit of their masters. The same incapacity is attached to them, of giving and receiving by donation inter vivos or causa mortis, they therefore cannot take by will for themselves.
In pursuance of these rules, Frosina could not succeed to the estate of her son ; but the *164 owners had a right to claim it from the testamentary executor of Durand ; and having this right, it cannot properly be said that no cause or consideration exists for the note by which he promised to pay that amount, when it is seen that such promise inures to the benefit of those who have a just and legal claim to the succession of Pedro. Considering the note, as a liquidation of this succession, there is sufficient cause for the contract thus made by the executor, and he has been rightfully condemned to pay the sum therein stipulated ; but ought to be exonerated from any other or farther claim against him, on account of the estate, willed by Durand, to his bastard child.
Moreau for the plaintiffs, Workman for the defendants.
It is, therefore, ordered, adjudged and decreed, that the judgment of the court below, be affirmed with costs.